UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ROBERT L. MACE and CYNTHIA D. MACE,

    Plaintiffs,

v.                                         Civil Action No. 17-cv-3919

WRIGHT NATIONAL FLOOD INSURANCE
COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is a motion for summary judgment filed by defendant Wright National Flood Insurance Company ("Wright") on September 24, 2018. The plaintiffs filed a response on October 8, 2018, to which the defendant did not reply.

The plaintiffs filed a complaint in this court on September 5, 2017, seeking amounts allegedly due and owed under their Standard Flood Insurance Policy written under the National Flood Insurance Program and issued by defendant Wright.

The National Flood Insurance Program was created by Congress and is overseen and implemented by the Federal Emergency Management Agency ("FEMA"). So-called "Write-Your-Own Program" insurance carriers, of which Wright is one, are private

insurers participating in the National Flood Insurance Program that arrange for the adjustment, settlement, payment, and defense of all claims arising under a flood insurance policy, although the claims are ultimately underwritten through the United States Treasury Funds.  See 42 U.S.C. §§ 4081, 4017, and 4013.  A Standard Flood Insurance Policy, as found in the FEMA regulations, 44 C.F.R. Pt. 61, App. A(1), requires, inter alia, that the claimant submit a Proof of Loss form within 60 days of a loss in order to advance a claim.  Strict compliance with this deadline is necessary.  See, e.g., Dawkins v. Witt, 318 F.3d 606 (4th Cir. 2003).

The plaintiffs' policy here, a Standard Flood Insurance Policy, provided Building Coverage ("Coverage A") of $250,000.00 subject to a $1,250.00 deductible, and Contents Coverage ("Coverage B") of $100,000.00 subject to a $1,250.00 deductible.  (Defendant's Motion, ECF # 27, Exh. 3).  The policy was in effect when the plaintiffs' Roane County, West Virginia home was destroyed by a flash flood on June 23, 2016.  (ECF # 27, Exh. 13 at 19-22).  Plaintiffs made several requests for payments, and Wright granted those requests, up until the final request on June 8, 2017, which was accompanied by a July 21, 2017 Proof of Loss Form that indicated a total loss of $217,752.51 ($117,752.51 for Coverage A and $100,000.00 for

Coverage B), much of which had already been paid. (ECF # 27, Exh. 10 and Exh. 11). Because the Proof of Loss Form was filed well after the 60-day deadline, Wright could not issue checks for the final request without a waiver from FEMA. (ECF # 27, Exh. 2). FEMA granted a limited waiver on July 26, 2017, and Wright issued the requested checks. Id. At that point, Wright had issued checks for the total amount requested in the Proof of Loss form, and no other Proof of Loss was submitted.

In their response to the motion for summary judgment, the plaintiffs "concede they have been paid all monies as set forth in a Proof of Loss signed on July 21, 2017 under [Coverage A] . . . [and] have been paid the policy limits of $100,000.00 under [Coverage B.]" (Plaintiffs' Response, ECF # 29). They concede that "no additional Proofs of Loss have been submitted either within or after 60 days of the June 23, 2016 flood[.]" Id. They therefore concede that they "can receive no additional payments under Coverage B[,]" and "are unable to demonstrate compliance with the policy provisions which would permit them to make additional claims for damage to their property under Coverage A." Id.

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Here, the plaintiffs conceded the facts made in the defendant's motion for summary judgment and did not present any additional facts. Nor did the plaintiffs present any argument in opposition to the defendant's motion. There are thus no disputes over any material facts and the defendant has demonstrated that it is entitled to judgment as a matter of law.

Accordingly, the court ORDERS that the defendant's motion for summary judgment be, and it hereby is, granted.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

                              Enter: January 4, 2019

                              John T. Copenhaver, Jr.
                              Senior United States District Judge